837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William David SWEENEY, Plaintiff-Appellant,
v.
Steve NORRIS, et al., Defendants-Appellees.
 No. 86-6217.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1988.
 
 Before MERRITT, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant William Sweeney ("plaintiff") appeals from the judgment of the District Court granting summary judgment to Defendants-Appellees Steve Norris, et al.[1] ("defendants") in this pro se civil rights action. He claims on appeal that the District Court failed to consider claims A, G, and H of his amended complaint, and that the District Court erred in dismissing his claim that he was subjected to excess punitive segregation and his claim that he was denied the right to call a witness. For the following reasons, we affirm.
 
 
 2
 The plaintiff is an inmate at Southeastern Tennessee State Regional Correctional Facility. On February 18, 1986, defendant Stinnett filed a disciplinary report against the plaintiff charging him with extortion. Defendant Stinnett had received complaints from the plaintiff's ex-girlfriend, Karen Goddard, concerning a letter that the plaintiff allegedly sent her. The letter apparently threatened to make copies of partially nude photographs of Goddard and to send them to places "which would cause her embarrassment" if she did not sent him his television set and $60. Joint Appendix at 16. A disciplinary hearing was held before the Disciplinary Board ("Board") on February 20, 1986. At that hearing, defendant Stinnett testified as to what Goddard had told him and submitted the letter as evidence along with typing samples from typewriters located in the facility's library. Goddard did not appear at the hearing. The Board found the plaintiff guilty and sentenced him to twenty days punitive segregation, ten of which was probated over a sixty day period. Id. at 18.
 
 
 3
 On May 6, 1986 the plaintiff filed his pro se complaint alleging eight different claims under 42 U.S.C. Sec. 1983. On May 6, 1986 the District Court issued a memorandum finding that the plaintiff's complaint essentially set out four separate claims: (1) that his disciplinary hearing was not held within the time frame established by Tennessee Department of Correction ("T.D.O.C.") policy; (2) that he was not able to call an outside witness at his disciplinary hearing; (3) that the punishment given after his disciplinary hearing exceeded the maximum established by T.D.O.C. policy; (4) that the Board was prejudiced. The court ruled that claims one and four were frivolous, and dismissed them pursuant to 28 U.S.C. Sec. 1915(d). Joint Appendix at 35. On May 13, 1986 the plaintiff filed an amended complaint asking that the court reconsider its previous dismissal and requesting that Sgt. Don Stinnett be added as a defendant. On June 5, 1986, the court dismissed the action as to defendants Russell and Young. Joint Appendix at 39. On October 30, 1986 the court granted the motion of the remaining defendants for summary judgment. Joint Appendix at 88. Plaintiff appealed.
 
 I.
 
 4
 The plaintiff claims that the District Court failed to address claim A of his complaint, which alleges that defendant Stinnett filed his disciplinary report against the plaintiff in bad faith.[2]
 
 
 5
 Even if we assume that defendant Stinnett filed the disciplinary report in bad faith, such an act does not give rise to a cause of action. The filing of unfounded charges is not a per se constitutional violation under section 1983: "The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986). The Freeman court reasoned that where the inmate is granted a hearing and is afforded the opportunity to rebut the charges against him, but is found guilty by the disciplinary board, the plaintiff suffers as a result of the finding of guilty, and not as a result of the filing of unfounded charges. Id. In the case before the Court, as in Freeman, the plaintiff received a hearing before the disciplinary board and had an opportunity to speak in his defense, so even if we assume that defendant Stinnett filed the charges in bad faith, the plaintiff does not have a claim under section 1983.
 
 II.
 
 6
 The plaintiff alleged in claim G of his complaint that the Disciplinary Board had insufficient evidence to support a conviction. However, this Court's review of the Board's decision is limited. In Superintendent v. Hill, 472 U.S. 445 (1985) the Supreme Court held that a decision which results in the loss of good time credits comports with the requirements of due processs if "the findings of the prison disciplinary board are supported by some evidence in the record." Id. at 454. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56 (emphasis added). The Court found that evidence in the form of testimony from the prison guard and copies of his written report satisfied the standard. Id. at 456-57. In the case before this Court, the Board received evidence in the form of defendant Stinnett's testimony, a copy of the letter allegedly sent to Goddard by the plaintiff, and copies of letters typed on the facility library's typewriter. Joint Appendix at 71-74. This evidence satisfies the standard set forth by the Supreme Court.
 
 
 7
 The plaintiff further alleges in claim G that the disciplinary report fails to give a detailed written statement giving the facts the Board relied on and the reasons for the conclusion reached, and therefore violated his right to due process.
 
 
 8
 Wolff v. McDonnell, 418 U.S. 539 (1974) lists the requirements of due process to be accorded inmates facing disciplinary charges, one of which is that the inmate be provided with a written statement setting forth the evidence relied on by the tribunal and the reasons for the disciplinary action taken. The Board's disciplinary report gave as the deposition and reasons for it "[e]xtortion (Guilty) Based on the written statement and evidence introduced by Sgt. Stinnett." Joint Appendix at 18. This statement sufficiently complies with Wolff.
 
 III.
 
 9
 The plaintiff also claims that the District Court erred in not addressing claim H of his complaint, which alleges that the warden failed to remedy the due process violations committed by the disciplinary board. Since it does not appear that the Board violated the plaintiff's right to due process, this Court need not address this claim.
 
 IV.
 
 10
 The plaintiff further claims on appeal that the District Court erred in holding that the Board did not violate his right to due process by awarding a term of punitive segregation in excess of the maximum term set by the T.D.O.C. guidelines. The Board imposed twenty days of punitive segregation on the plaintiff, ten of which were probated over a sixty day period. Joint Appendix at 18. The plaintiff argues that the disciplinary punishment guidelines of the T.D.O.C. set a maximum of ten days punitive segregation for a class B offense where the offender has committed one prior class B offense, apparently the plaintiff's situation. Joint Appendix at 48. The plaintiff claims that by awarding more than the maximum amount set by the guidelines the Board deprived him of a liberty interest without due process of law.
 
 
 11
 Assuming the guidelines created a liberty interest, the question is whether the plaintiff was deprived of that interest within the meaning of the Due Process Clause. Franklin v. Aycock, 795 F.2d 1253, 1261 (6th Cir.1986). We are convinced that the plaintiff has not suffered any meaningful deprivation of a liberty interest. The ten days in excess of the guidelines' maximum was imposed as probation only, and the sixty day period for which he was on probation has long since passed. There is no evidence that the plaintiff actually served anymore time in segregation than the ten days allowed by the guidelines.
 
 V.
 
 12
 Finally, the plaintiff claims that the District Court erred in holding that the Board's refusal to allow the plaintiff to call the accusing party, Goddard, did not deprive him of his right to due process. The right to call witnesses is strictly limited in the prison setting. Jackson v. Carlson, 707 F.2d 943, 949 (7th Cir.), cert. denied, 464 U.S. 861 (1983). "The right to call witnesses, like other due process rights delineated in Wolff, is thus circumscribed by the necessary 'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.' " Baxter v. Palmigiano, 425 U.S. 308, 321 (1976) (citation omitted). Inmates do not have a general right to confront and cross-examine adverse witnesses at prison disciplinary hearings. Id. at 322 n. 5. "Confrontation and cross-examination present greater hazards to institutional interests.... We think the Constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." Wolff, 418 U.S. at 567-68. The defendants could have had several reasons for not wanting to bring an outside victim of extortion inside a prison to face her alleged extorter. This limited denial of a right to call a witness for confrontation and cross-examination did not deprive the plaintiff of due process.
 
 
 13
 Accordingly, we AFFIRM the judgment of the District Court.
 
 
 
 [1]
 The defendants and their positions are as follows: Steve Norris, Commissioner of Corrections for the State of Tennessee; David Russell, Assistant Director of Special Programs for the Department of Corrections; Tony Young, Assistant Commissioner of Adult Services, Department of Corrections; Gary Livesay, Warden, Southeastern Tennessee Regional Correctional Facility; Lt. Tim McGraw, Chairman, Disciplinary Board, Southeastern Tennessee Regional Correctional Facility; Mark Bush, Disciplinary Board Member; Ernest Beard, Disciplinary Board Member; and Sgt. Don Stinnett, Internal Affairs Investigator
 
 
 [2]
 The plaintiff also alleged that the defendants did not have sufficient evidence to convict him. He repeated this claim in claim G, and so it will be discussed in the next section